UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Lloyd Davis**, #75548, | ) C/A No. 3:07-1703-GRA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| | ) |
| **Joseph L. Savitz, III**, Attorney Indigent Defense; | ) |
| **Henry Dargan McMaster**, S.C. Attorney General; | ) |
| **Robert Arial**, 13th Judicial Solicitor; | ) |
| **Edward W. Miller**, 13th Judicial Circuit Judge; | ) |
| **Cheryl Aaron**, Asst. Solicitor 13th Judicial Circuit; and | ) |
| **Dan Farnsworth**, Esquire, | ) |
| | ) |
| Defendants. | ) |

Introduction

The plaintiff, Lloyd Davis, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges that he is incarcerated at the Greenville County Detention Center awaiting re-sentencing, and he files this action seeking to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. The complaint names as defendants the South Carolina Attorney General, Thirteenth Circuit Solicitors, a South Carolina Circuit Judge, and the plaintiff's trial and appellate defense attorneys.[2] Plaintiff claims that he was prosecuted, convicted, and sentenced in South Carolina General Sessions Court for a non-existent crime of accessory before the fact of

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

voluntary manslaughter. The complaint should be summarily dismissed based upon the doctrines of judicial, Eleventh Amendment, and prosecutorial immunities.

## PLRA and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)- (iii); 28 U.S.C. § 1915A(b). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*,

449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

Background

The plaintiff asserts that in the South Carolina Court of General Sessions for Greenville County he was prosecuted, convicted by guilty plea, and sentenced to a crime which is non-existent – accessory before the fact of voluntary manslaughter.[3] He claims that all of the defendants violated his constitutional rights and that his attorneys also committed legal malpractice. Plaintiff seeks monetary damages and that his record be expunged. Although the plaintiff alleges that he was at Perry Correctional Institution and that he is currently incarcerated at the Greenville County Detention Center awaiting re-sentencing, he does not explain if he did obtain post-conviction relief or for what crime he is to be re-sentenced. *See* Complaint at p.2.

---

[3] The undersigned recognizes that a South Carolina case holds that one cannot be convicted of being an accessory before the fact to manslaughter. *See State v. O'Shields*, 161 S.E. 692 (S.C. 1931).

The plaintiff alleges that the State Judge, defendant Miller, accepted his guilty plea and sentenced him to 25 years, and that this is cruel and unusual punishment in violation of the Eighth Amendment. The plaintiff alleges that his trial attorney, defendant Farnsworth, advised him to plead guilty to that non-existent charge, and, therefore, he rendered constitutionally ineffective assistance of counsel. Similarly, he alleges that defendant Savitz, his appellate defense counsel, provided constitutionally ineffective assistance of counsel on direct appeal for determining that there were no meritorious issues for appeal. He further claims that defendant Farnsworth and Savitz committed legal malpractice.

Liberally construed, the plaintiff claims that defendant Arial and defendant Aaron violated the Fourteenth, Fourth, and Fifth Amendments by pursuing the illegal charge against him which caused him to be deprived of due process and his liberty. He claims that defendant McMaster failed to "give him relief" even though the illegal conviction was brought to his attention, so therefore he also violated the plaintiff's constitutional rights.

Discussion

This action is subject to summary dismissal because it seeks monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). Judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit

rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Defendant Miller is a South Carolina Circuit Judge who was acting within his judicial capacity during the alleged wrong-doings; thus, he is entitled to summary dismissal based upon absolute immunity.

In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Prosecutors, including defendants Arial and Aaron, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606 (1993); and *Burns v. Reed*, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934 (1991). Defendants Arial and Aaron's alleged wrong-doings were performed during the judicial process; therefore, they have absolute immunity from suit. Likewise, defendant McMaster, as the chief prosecutor in the State of South Carolina, is also entitled to prosecutorial immunity because his alleged wrong-doing was in failing to take action during the judicial process.

Defendant McMaster, to the extent he is being sued as the representative of the South Carolina Attorney General's Office, is further entitled to Eleventh Amendment immunity, which divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 122 S.Ct. 1864 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 120 S.Ct. 631 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Pennhurst State School & Hospital v. Halderman*,

465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).

Defendants Farnsworth and Savitz are subject to summary dismissal because they did not act under color of law. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

In *Hall v. Quillen*, 631 F.2d at 1154, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). Because both defense attorneys Farnsworth and Savitz are being sued for their alleged lack of legal competence during their legal representation

of the plaintiff, they failed to act under color of state law. Therefore, the constitutional claims against them pursuant to 42 U.S.C. § 1983 should be summarily dismissed.

The plaintiff further attempts to sue defendants Farnsworth and Savitz for legal malpractice, which is a state law tort. This claim could come within this Court's diversity subject matter jurisdiction if the diversity statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). It may be clearly inferred from the complaint that the plaintiff, defendant Farnsworth, and defendant Savitz are all domiciled in South Carolina. Therefore, complete diversity does not exist, and the tort claim against those defendants should be dismissed for lack of subject matter jurisdiction.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**The petitioner's attention is directed to the important notice on the next page.**

                                                Respectfully Submitted,

                                                Joseph R. McCrorey
                                                United States Magistrate Judge

July 10, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).